# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

RUBEN AND LORRIE LAUREL,

      Plaintiffs,

v.                                      CASE NO. 5:16cv284-RH/GRJ

COTTON STATES MUTUAL
INSURANCE COMPANY et al.,

      Defendants.

_____/

## ORDER DISMISSING THE AMENDED COMPLAINT IN PART

In this action the plaintiffs assert claims for malicious prosecution and intentional infliction of emotional distress. The defendants have moved to dismiss for failure to state a claim on which relief can be granted. This order does not dismiss the malicious-prosecution claim but does dismiss the intentional-infliction claim.

### I

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). For purposes of the motion, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

## II

The defendants say the malicious-prosecution claim is deficient in two respects.

First, a malicious-prosecution claim can go forward only if there was an underlying criminal charge against, and a "bona fide termination" of the charge in favor of, the malicious-prosecution plaintiff. *See, e.g.*, *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (setting out the elements of a malicious-prosecution claim). The defendants say the underlying charges against the plaintiffs did not result in a bona fide termination in their favor. But the plaintiffs allege that the charges were dropped when the only supporting evidence—an expert's opinion—was ruled insufficiently reliable to be admitted

into evidence. This is an adequate allegation of a bona fide termination of the

charges. *See Union Oil of Cal. Amsco Div. v. Watson*, 468 So.2d 349, 354 (Fla. 3d

DCA 1985) ("[W]here a dismissal is taken because of insufficiency of the

evidence, the requirement of a favorable termination is met.").

Second, probable cause is a complete defense to a malicious-prosecution

claim. *See, e.g.*, *Rankin v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998). The

defendants assert that the amended complaint does not adequately allege absence

of probable cause for the underlying charges. It is true that the amended complaint

does not allege absence of "probable cause" using that term. But the amended

complaint alleges that the criminal charges were brought against the plaintiffs as a

direct result of the defendants' "malicious conduct, fraud and misrepresentation"

and that the charges "would not have been brought but for the malicious conduct,

fraud and misrepresentation." Am. Compl., ECF No. 5, at 9-10. This is a sufficient

allegation of lack of probable cause. Whether the allegation is true cannot be

determined on the motion to dismiss.

III

In *Metropolitan Life Insurance Co. v. McCarson*, 467 So. 2d 277 (Fla.

1985), the Florida Supreme Court recognized the tort of intentional infliction of

emotional distress, but only for extreme and outrageous conduct. The court

adopted the Restatement's guidance on what constitutes sufficiently outrageous conduct. The relevant provision is this:

> Extreme and outrageous conduct . . . . It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id*. at 278-79 (quoting Restatement (Second) of Torts § 46 (1965)).

Whether conduct meets this standard is, in the first instance, a question of law for the court. *See*, *e.g.*, *Vance v. S. Bell Tel. & Tel. Co.*, 983 F.2d 1573, 1575 n.7 (11th Cir. 1993). The required degree of extreme and outrageous conduct is high. *See id*.; *see also Estate of Duckett ex rel. Calvert v. Cable News Network LLLP*, No. 5:06-cv-444-Oc-10GRJ, 2008 WL 2959753, at *4-5 (M.D. Fla. July 31, 2008) (denying a motion to dismiss where the defendants convinced a mother whose son had disappeared to appear on the "Nancy Grace" show, the defendants inferred during the interview that the mother was involved in the disappearance, and the mother later committed suicide).

The plaintiffs' factual allegations are sufficient to state a malicious-prosecution claim. But the allegations do not rise to the level required to state an

intentional-infliction claim. The alleged facts are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

IV

For these reasons,

IT IS ORDERED:

The motions to dismiss, ECF Nos. 13 and 14, are granted in part. The intentional-infliction claim is dismissed. The case will go forward on the malicious-prosecution claim. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on February 14, 2017.

s/Robert L. Hinkle_____
United States District Judge